350    APPELLATE COURTS OF ILLINOIS.

Edson Keith & Co. v. Atchison, T. & S. F. Ry. Co., 192 Ill. App. 350.

# Edson Keith & Company, Appellee, v. The Atchison, Topeka & Santa Fe Railway Company, Appellant.

## Gen. No. 20,330.

1. CARRIERS, § 188*—*when notice to connecting carrier binds initial carrier.* Notice by an employee of a connecting carrier, prior to the completion of the contract of carriage, that the consignee refused to accept the goods is binding upon the initial carrier.

2. CARRIERS, § 90*—*when bound to notify shipper of refusal of consignee to accept.* Where a railway company, acting as a common carrier, enters into a contract to accept goods for shipment and agrees to carry and deliver the same to a party in another State, notice by such carrier from the employee of a connecting carrier that the consignee of the goods refuses to receive the same imposes upon such carrier the duty to inform the consignor of the refusal of the goods by the consignee, and the failure upon its part to do so constitutes a breach of the contract of carriage for which it is liable for any damages resulting therefrom.

3. CARRIERS, § 147*—*when carrier liable as such and not as warehouseman on refusal of consignee to receive.* Where a connecting carrier had been notified by the consignee that a consignment of goods would be refused, and immediately upon its arrival placed it in a warehouse without notifying the consignor of the refusal, the initial carrier cannot contend that with the placing of the property in the warehouse its duty as a carrier had ceased, and the acts of the connecting carrier were not those of a warehouseman for which it was not liable, since the duty to give notice to the consignor arose prior to the placing of the goods in the warehouse and was imposed by the contract of carriage.

4. CARRIERS, § 93*—*when question of notice of refusal of consignee to receive for jury.* Where the plaintiff in an action against a railway company denies notice from the consignee of a refusal to accept the goods which the company claims that it received, the issue thereon is a question of fact for the jury under proper instructions.

5. APPEAL AND ERROR, § 1566*—*when verdict shows refusal of instruction harmless.* Where there is no allegation in the declaration to sustain any element of damage by reason of the delay of a railway company in the return of goods after it has been ordered to return the same, and it appears from the verdict that the jury did not take into consideration this delay in assessing damages, the com-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

pany cannot complain of the failure of the court to instruct the jury that it was not liable for any damages by reason of such delay.

Appeal from the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 22, 1915. Rehearing denied May 8, 1915.

ROBERT DUNLAP, LEE F. ENGLISH, JAMES L. COLEMAN and HOMER W. DAVIS, for appellant.

JOHN GIBSON HALE, for appellee.

MR. JUSTICE PAM delivered the opinion of the court. This is a suit in assumpsit brought by Edson Keith & Company, a corporation, appellee, hereinafter referred to as the plaintiff, against the Atchison, Topeka & Santa Fe Railway Company, appellant, hereinafter referred to as the defendant, for damages sustained by reason of the breach of a contract for the transportation of certain goods, wares and merchandise from Chicago, consigned to one T. Anson, Aspen, Colorado.

The declaration, which consisted of but one count, charged that the plaintiff delivered to the defendant on July 22, 1903, six cases of dry goods and millinery, to be carried by defendant to Thomas Anson, Aspen, Colorado; that defendant agreed to transport and forward said cases to destination and deliver them to the consignee; and that in the event of refusal by the consignee to receive them, to notify plaintiff of such refusal; and further, that defendant did not deliver said cases to the consignee and failed to notify the plaintiff that the goods had been refused by the consignee; that when on September 24, 1903, plaintiff was notified that said property had been refused by the consignee and was on hand at destination, defendant was notified by plaintiff to return said property; that

the goods were not returned until November 22, 1903; that thereby plaintiff sustained the damages sued for in this case.

To this declaration defendant filed a plea of non-assumpsit.

On the trial of the case before a court and jury, a verdict for $180 was rendered in favor of the plaintiff and judgment entered thereon, to reverse which this appeal has been prosecuted.

Plaintiff was in the wholesale millinery business in Chicago. In the spring or early summer of 1903, Mrs. Margaret Bastian was managing a millinery store at Aspen, Colorado, for her son, T. Anson. Some time prior to July, 1903, she ordered certain millinery goods from plaintiff, to be shipped from Chicago, for use in the fall trade.

The evidence shows that on the 22d day of July, 1903, plaintiff delivered to the defendant at its freight receiving station in Chicago, cases containing the goods sold to Anson by plaintiff; these cases were marked ''T. Anson, Aspen Colo;'' that defendant receipted for these goods from plaintiff for shipment over its line of railway to the consignee at the point of destination, and that there was no bill of lading issued upon this shipment; that the defendant carried the shipment over its line to Pueblo, Colorado, where it turned the same over to the Denver & Rio Grande, whose line extends to Aspen, for completion of the transit and delivery; that prior to the arrival of the goods at Aspen, the agent of the Denver & Rio Grande at Aspen had been informed by Mrs. Bastian that if any goods came from plaintiff she was going to refuse the same; that when the shipment in question reached Aspen about August 1st, it was immediately placed in the warehouse.

Subsequently the following notification was sent by defendant's agent at Chicago to the plaintiff:

"Notice of Undelivered Freight.
Chgo.    9-24-03
Tracer Audit No. 33373
Agent's No. ————

Edson Keith Co.

Your shipment of 7-23-03 No. —— Consigned to T. Anson. Consisting of 1 Cs D Goods 4 cs Hats 1 cs Feathers is at destination Aspen, Colo on account of refused. Covered by Way-bill No. 13991.

Dated———190———

Please advise me at once With Return of This Notice, what disposition you wish made of it, bearing in mind that orders to return, to forward to any other destination, or to deliver to any other than the above consignee, Must Be Accompanied by the Original Shipping Receipt or Bill of Lading, indorsed accordingly.

Please record above Tracer Number on your books for future reference.

Respectfully,
C. B. STROHM, Agent,
Chicago."

The Charles B. Strohm who signed this as agent, also signed the shipping receipt as agent on July 23, 1903.

To this letter plaintiff replied as follows:

"Chicago, Sept. 29, 1903.

Mr. C. B. Strohm, Agent,
Atchison, Topeka & Santa Fe Ry. Co.,
1202 State St., City.

Dear Sir:

We received your notice of Sept. 24th, informing us that there is a shipment of goods on hand at Aspen, Colo., for T. Anson, which has been refused by him. We have written this party today, and will ask you to be kind enough to issue instructions to your agent at Aspen, to present the goods to Mr. Anson again, and, if they are still refused, please have them returned to us at once, without fail. These goods have been out

a long time, and it is only now we were notified that they were undelivered. May we ask your special attention to this matter, therefore, as the season is rapidly passing, and the goods will be of no use to us, if they do not come back very soon. We would suggest that you telegraph your agent at Aspen. Please let us know the cost of this, and we will refund you the amount.

Very respectfully yours,<br>
EDSON KEITH & Co.,<br>
James Wilson,<br>
Actg. Sec. and Treas.

P. S. We enclose shipping receipt herewith.''

These goods reached Chicago about November 20th, on which day the following letter was received by plaintiff from defendant:

''Nov. 20, 1903.

S. File.
Shipment from Aspen.

Edson Keith & Co.,
Chicago, Ill.

Gentlemen:

Referring to conversation with your Mr. Barron this P. M. and returning herewith freight arrival notice.

Kindly take delivery of these goods at once, paying the freight charges, and sell them to the best advantage possible and amend your claim by the amount realized from the sale. Claim will then be promptly investigated and considered on its merits.

Yours truly,<br>
G. A. AIRD.''

The evidence shows that the goods were received after that date by the plaintiff, freight charges paid both to and from Chicago, and the goods sold for $100 which was the fair cash market value for the property at that time.

Except in one particular, namely, whether or not the plaintiff had notice directly from the consignee in July that the latter would not accept the property upon its arrival, the facts as outlined above are undisputed.

Upon this state of facts defendant maintains:

(1)   That the court erred in not instructing the jury to find the issues for the defendant.

(2)   That the court erred in the giving, refusing and modification of certain instructions.

(3)   That the damages are excessive.

On the first point defendant contends that the duty of the defendant as a common carrier was terminated upon the delivery of the goods at Aspen, without notice to the consignee; that under the law of Illinois, where this contract was entered into, notice to the consignee upon the arrival of goods at destination is not required; that it was no part of the carrier's duty to transmit notice to plaintiff of the refusal of the goods by consignee.

The evidence shows that defendant accepted these goods for shipment and agreed to carry and deliver same to Thomas Anson at Aspen, Colorado. Defendant had received notice prior to the arrival of the shipment at Aspen that consignee would not accept the property. While it is true that the person receiving this notice was an employee of the Denver & Rio Grande Railroad, the connecting carrier which carried the goods from Pueblo to Aspen under the agreement entered into between the plaintiff and defendant at Chicago, yet in receiving this notice of refusal from the consignee he was the agent of defendant, and he remained the agent until the contract of carriage was completed. This agent at Aspen did not notify consignee of the arrival, nor did he notify consignor of the refusal by consignee to receive the shipment, but immediately upon the arrival of the goods at Aspen placed them in a warehouse.

Defendant maintains that with the placing of the property into the warehouse its duty as common carrier ceased, and that thereafter the act of the connecting carrier was no longer that of a common carrier but that of a warehouseman for whose acts, if any, constituting a breach of the contract resulting in damages, it was not liable.

Plaintiff insists, however, that this contention of the defendant is not inconsistent with plaintiff's contention that it was the duty of defendant to notify plaintiff of the refusal by the consignee to accept the property. That duty arose before the relation of warehouseman ensued, and was the duty of the defendant as a common carrier under its contract of carriage. In support of this contention plaintiff cites the case of *Michigan Central R. Co. v. Harville,* 136 Ill. App. 243. In that case the carrier interposed the defense contended for here by the defendant, citing the cases of *Gregg v. Illinois Cent. R. Co.,* 147 Ill. 550, and *Illinois Cent. R. Co. v. Carter,* 165 Ill. 570, but Mr. Justice tice Brown, speaking for the court, held that those cases were not in point, and went on to say:

"There is no authority which holds that on refusal of freight by a consignee, or non-delivery through other obstacles, notice is not required to the consignor or persons known by the carrier to be owners or interested in the goods. The law is the other way. *Louisville & Nashville R. Co. v. Duncan,* 137 Ala. 446."

In our opinion, the plaintiff, under its contract of carriage with defendant, was entitled to know whether or not there had been a delivery. Knowledge of the refusal by the consignee came to defendant while acting as a common carrier, and it was defendant's duty as a common carrier to communicate that knowledge to the plaintiff. The damage if any, that was sustained by plaintiff, was not the result of any act following the storage of the goods. This is not a case where the warehouse was destroyed by fire or the goods were

Edson Keith & Co. v. Atchison, T. & S. F. Ry. Co., 192 Ill. App. 350.

otherwise damaged through negligence; the damage resulted because of the delay in returning the property to Chicago, which delay resulted from the failure to notify plaintiff of the refusal of the goods by the consignee. We are of the opinion that defendant was charged as a common carrier with the duty to notify plaintiff of the refusal by the consignee, and that the failure to do so constituted a breach of the contract of carriage.

In fact, defendant recognized a duty in that regard by notifying plaintiff on September 24th of the consignee's refusal to accept the property and asking for instructions. It recognized its duty too late.

Defendant further contends that, even if the law on the subject of notice is as contended for by plaintiff, yet no recovery should be sustained against the defendant because the evidence showed that the consignee, before the goods had reached their destination, had given notice directly to plaintiff of his intention to reject the shipment. Plaintiff, however, denied that the evidence showed such fact. This issue became, therefore, a question of fact for the jury under proper instructions by the court. No complaint has been made by defendant of the instruction wherein the question of notice was involved, and the jury by their verdict determined that issue, as well as the others, in favor of plaintiff.

Defendant also complains that the instructions given on behalf of plaintiff were erroneous in that they held defendant liable for the acts of the connecting carrier while acting as warehouseman. In our opinion, the instructions submitted to the jury the correct principles of law applicable to the facts.

Defendant complains that the court refused to instruct the jury that the defendant was not liable for any damages by reason of the delay between September 29th, when the goods were ordered returned to

Chicago, and the date of their arrival, November 20th, because there was no allegation in the declaration to sustain any such element of damage. The amount of damages alleged in the declaration and upon which evidence was offered was $360.94. The jury returned a verdict for $180, just one-half the amount of the claim. Apparently the jury did not allow any damages after September 24th, when the defendant sent notice to the plaintiff that the goods had been refused.

While defendant urges the further point that even this amount is excessive, there is no merit in that contention.

Finding no reversible error, the judgment of the Superior Court will be affirmed.

*Affirmed.*